# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WESTMINSTER INVESTMENTS, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 06 C 6189 |
| v. ) | |
| ) | Judge John W. Darrah |
| INTERNATIONAL THOROUGHBRED ) | |
| BREEDERS, INC., FRANCIS W. MURRAY, ) | |
| FRANCIS X. MURRAY, and SCOTT KAPLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs – Westminster Investments, LLC ("Westminster"), MBC Global ("MBC"), and Jonathan Griffiths, not individually but as Trustee of the Trust of Ryan Moore dated January 20, 1998 ("Ryan Moore Trust") and as Trustee of the Trust of James B. Moore, III dated January 20, 1998 ("JB Moore Trust") (collectively, "Plaintiffs") – filed suit against Defendants – International Thoroughbred Breeders, Inc. ("ITB"), Francis W. Murray, Francis X. Murray, and Scott Kaplan (collectively, "Defendants") – alleging breach of a promissory note ("Note"), unjust enrichment, and account stated.[1] Plaintiffs also assert a single count against Francis W. Murray, Francis X. Murray, and Scott Kaplan (collectively, "Individual Defendants") for allegedly fraudulent representations made in connection with the Note. Presently before the Court is Defendants' Motion to Transfer pursuant to 28 U.S.C. §§ 1404 and 1412.

---

[1] Breach of the promissory note, unjust enrichment, and account stated are pled in the alternative.

## BACKGROUND

Westminster is an Illinois limited liability company with its principal place of business in Lake Forest, Illinois. The members of Westminster are Brett Moore, Paul Moore, and Clay Moore, all of whom are citizens of Illinois. Westminster is in the business of private investments. Similarly, MBC is an Illinois limited liability company with its principal place of business in Lake Forest, Illinois. Paul Moore, a citizen of Illinois, is the sole member of MBC. Jonathan Griffiths is a citizen of the state of Colorado.

The Ryan Moore Trust was created under the laws of the State of Illinois on January 20, 1998. Ryan Moore, a citizen of the State of Illinois, is the sole beneficiary of the Ryan Moore Trust. The JB Moore Trust was created under the laws of the State of Illinois on January 20, 1998. James Moore, a citizen of the State of Illinois, is the sole beneficiary of the JB Moore Trust.

ITB is a Delaware corporation. While its offices are in New Jersey, ITB is a holding company for a number of business interests, all of which are located in Florida. The holdings of ITB include three coastal entertainment cruise vessels that operate out of Palm Beach, Florida. Francis W. Murray is a citizen of Pennsylvania and was the Chief Executive Officer and Chief Financial Officer of ITB. Francis X. Murray is a citizen of Delaware and was the President of ITB. Scott Kaplan is a citizen of Florida and was ITB's Vice President of Corporate Development and was acting as its Chief Financial Officer.

In November 2005, the Individual Defendants contacted Plaintiffs and stated that ITB needed a thirty-day bridge loan in the amount of $400,000 in order to finance ITB's operations until December 2005. During a time period of approximately one week in late October or early November 2005, there were approximately six to eight telephone conversations involving the

Individual Defendants – representing the interests of ITB and themselves – and Paul Moore, Colin Markey, Sam Dunlap, and Clay Moore – representing the interests of Plaintiffs. During those conversations, the Individual Defendants represented that ITB would be able to repay the $400,000 to Plaintiffs within thirty days.

On November 9, 2005, Plaintiffs and ITB executed a Note. Pursuant thereto, Plaintiffs loaned ITB $400,000.00 at 9 percent per annum interest. The Note was to mature on December 9, 2005. On December 4, 2005, ITB filed for bankruptcy in the Southern District of Florida. On December 9, 2005, the Note matured; but ITB did not make the required payments at that time. Beginning on January 1, 2006 and through the present, Plaintiffs have made repeated oral and written demands upon ITB for payment of the principal and interest on the Note. To date, ITB has not paid the principal and interest due and owing on the Note and has made no effort to reschedule the payment due.

## ANALYSIS

As an initial matter, Defendants move for transfer pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1412. Section 1404 is the general transfer provision that provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1412 provides that a "district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. In light of ITB's bankruptcy proceeding in Florida, the instant case is related to a bankruptcy case in Florida. However, the instant independent civil case, alleging breach of a promissory note, unjust enrichment, and account stated, is not brought "under" Chapter 11. Accordingly, Section 1412 is not applicable to the instant case, and

3

Defendants' motion brought pursuant to Section 1412 is denied. *See Grand Vehicle Works Holdings Corp. v. Transamerica Bus. Capital Corp.*, No. 03 C 4679, 2003 WL 22317389 (N.D. Ill. Oct. 8, 2003); *Jackson v. Venture Department Stores, Inc.*, No. 98 C 6216, 1998 WL 778057 (N.D. Ill. Nov. 3, 1998).[2]

Where a suit is filed in a proper venue, a federal district court may "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district or division where it might be brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir 1986) (*Coffey*). Although § 1404(a) limits consideration for transfer to three factors – convenience of the parties, convenience of the witnesses, and the interest of justice – district courts have broad discretion in the interpretation and weighing of these factors, which serve more as guideposts for analysis than as rigid requirements. *See Coffey*, 796 F.2d at 219-20; *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955), *cert denied*, 350 U.S. 822 (1955); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (*Van Dusen*). A lesser showing of inconvenience is required under § 1404(a) than under the traditional doctrine of *forum non conveniens*. *Coffey*, 796 F.2d at 720; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey*, 796 F.2d at 219-20.

### Convenience of the Parties

In evaluating the convenience of the parties, the district court considers five factors: (1) plaintiff's initial choice of forum, (2) the situs of material events, (3) the relative ease of

---

[2] The distinction between 28 U.S.C. § 1404 and 28 U.S.C. § 1412 is largely irrelevant as the factors to be considered under either statute are the same. *See Grand Vehicle Works Holdings Corp. v. Transamerica Bus. Capital Corp.*, No. 03 C 4679, 2003 WL 22317389 (N.D. Ill. Oct. 8, 2003); *Jackson v. Venture Department Stores, Inc.*, No. 98 C 6216, 1998 WL 778057 (N.D. Ill. Nov. 3, 1998).

access to sources of proof, (4) the convenience of the witnesses to be called to testify in the case, and (5) the convenience of the parties themselves. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d. 899, 902 (N.D. Ill. 2001) (*Plotkin*); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d. 958, 960 (N.D. Ill. 2000) (*Amoco*); *see also Georgous v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997); *APV North America, Inc. v. Transindustrial Development Corp.*, No. 05 C 2396, 2006 WL 51169, at *4 (N.D. Ill. Jan. 3, 2006) (*APV*).

### Plaintiff's Choice of Forum

The plaintiff's choice of forum is generally entitled to substantial weight, especially when it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vandeveld*). However, where the plaintiff's choice of forum has a relatively week connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *APV*, 2006 WL 51169, at *5.

In the instant case, all Plaintiffs, except Jonathan Griffiths, are citizens of Illinois; and the two trusts at issue were created pursuant to the laws of Illinois. Further, there is a substantial connection between Illinois and the operative facts giving rise to the claim. Defendants initiated contact with Plaintiffs, who were located in Illinois; and all of Defendants' subsequent communications were directed to Plaintiffs' Illinois offices where the Note was drafted. Accordingly, Plaintiffs' choice of forum is given substantial deference.

5

### Situs of Material Events

Defendants argue that the material events giving rise to the claim occurred in the Southern District of Florida. Specifically, Defendants contend that the Note was negotiated through meetings held in Florida and telephone calls from Florida. Defendants also state that the Note was signed in Florida and that the alleged fraudulent representations were made in Florida. Defendants argue that the funds underlying the Note were used in Florida. All of Defendants' communications upon which Plaintiffs' claims are based were directed to the Northern District of Illinois. Plaintiffs' reliance upon Defendants' communications took place in the Northern District of Illinois, and the financial injury to Plaintiffs occurred in the district. Although subsequent negotiations and the execution of the Note took place in Florida, this factor is neutral.

### Relative Ease of Access to Source of Proof

Defendants claim that their business records relevant to Plaintiffs' claims are currently in the Southern District of Florida due to its involvement in a bankruptcy proceeding. Defendants further contend that all of their witnesses are in the Southern District of Florida. Plaintiffs respond that all of their relevant documents and witnesses are located in the Northern District of Illinois. Since both parties have the majority of their documents and witnesses in their preferred forums, this factor is neutral.

### Convenience of the Witnesses

The party seeking transfer must specify the key witnesses to be called and establish that the nature and quality of their testimony with respect to the issues in the case warrant the case's transfer. *Vandeveld*, 877 F. Supp. at 1167-68; *APV*, 2006 WL 51169, at *5.

6

Here, Defendants fail to specify any key witnesses and merely assert that ITB's Florida-based financial personnel might need to testify at trial. Therefore, this factor weighs against transfer.

## Convenience of the Parties Themselves

When considering the convenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of the trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV*, 2006 WL 51169, at *6.

In the instant case, all Plaintiffs (individuals, entities, and trusts) except Griffiths reside in Illinois. Further, while two of the Individual Defendants reside in Florida, the third resides in Pennsylvania; and ITB itself is a Delaware corporation with its offices in New Jersey. However, ITB is currently a debtor in a bankruptcy proceeding in Florida and will incur additional expense in proceeding in litigation in the Northern District of Illinois. Balancing Plaintiffs' Illinois residences against Defendants' added expense of litigation other than in Florida renders this factor neutral.

### Interest of Justice

In addition to considering the convenience of the parties, witnesses, and evidence in relation to the proposed forum and the present forum, the court must also consider which forum best serves "the interest of justice." *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. The interest of justice rubric focuses on the efficient administration of the courts, not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221; *Plotkin*, 168 F. Supp. 2d at 904. This analysis also includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at

7

issue, and (4) the desirability of resolving controversies in their locale. *Plotkin*, 168 F. Supp. 2d at 904; *APV*, 2006 WL 51169, at *6; *see Macedo v. Boeing Co.*, 693 F.2d 683, 690 (7th Cir. 1982) (discussing public interest factors of transfer analysis). Even where the convenience of the parties and witnesses may call for a different result, the "interest of justice" component may be determinative in a particular case. *Coffey*, 796 F.2d at 220; *see e.g., Lemke v. St. Margaret Hosp.*, 594 F. Supp. 25 (N.D. Ill. 1983).

### Speed at Which the Case Will Proceed to Trial

The most relevant statistics for this determination are (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases. *Plotkin*, 168 F. Supp. 2d at 904; *Amoco Oil Co.*, 90 F. Supp. 2d. at 962. For the period ending September 30, 2006, the median time from filing to disposition for civil cases was 6.5 months in the Northern District of Illinois and 6.7 months in the Southern District of Florida. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005), *available at* http://www.uscourts.gov/cgi-bin/cmsd2006.pl. The median time from filing to trial for civil cases was 26.4 months in the Northern District of Illinois and 16.3 months in the Southern District of Florida. These figures indicate that the case would progress slightly more quickly in the Southern District of Florida; therefore, this factor weighs in favor of transfer.

### Court's Familiarity with the Applicable Law

Plaintiffs' claims are brought entirely under Illinois common law; thus, Illinois courts are more familiar with the applicable law. Accordingly, this factor weighs against transfer.

8

Relation of the Community to the Occurrence and Its Interest in Resolving the Dispute

Defendants contend that the Southern District of Florida would have an interest in deciding issues that relate to and may impact the administration of a pending bankruptcy proceeding. Conversely, Plaintiffs contend that this case involves allegations of fraud committed upon Illinois citizens by Defendants from Florida; and, therefore, Illinois has a public interest in providing redress to its citizens who have been damaged as a result of out-of-state fraud. On balance, this factor is neutral.

## CONCLUSION

In light of all the factors discussed above, Defendants' Motion to Transfer is denied.

Dated: May 2, 2007

JOHN W. DARRAH
United States District Court Judge